Charles L. Honsinger, ISB No. 5240
Honsinger Law, PLLC
P.O. Box 517
Boise, ID 83701
Phone: (208)863-6106
Fax: (208)908-6085
honsingerlaw@gmail.com

Howard M. Levine, Oregon State Bar No. 80073
hlevine@sussmanshank.com
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR 97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130
*Pro Hac Vice* to be submitted

Of Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF IDAHO**

| | |
|---|---|
| **PAVESTONE CAPITAL, LLC an Idaho Limited Liability Company**,<br><br>Plaintiff,<br><br>v.<br><br>**HOT ROUTE DELIVERY SPECIALISTS, LLC, a Delaware Limited Liability Company, HOT ROUTE DELIVERY SPECIALISTS-SOUTHEAST LLC, a Delaware Limited Liability Company, CHRISTOPHER CASSELS, an individual, and STEPHEN R. SAVANT, an individual**<br><br>Defendants. | Case No.<br><br>**COMPLAINT (BREACH OF CONTRACT; BREACH OF GUARANTEE)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Pavestone Capital, LLC ("Pavestone") alleges:

**JURISDICTION**

1. The subject controversy is between citizens of different states. Pavestone's damages exceed $75,000. Therefore, the Court has diversity jurisdiction

over this controversy pursuant to 28 U.S.C. § 1332.

**VENUE**

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and the forum selection provisions of the Purchase and Sale Agreement, and of each Personal Guarantee attached as an exhibit to this Complaint.

**PARTIES**

3. At all material times, Pavestone was a limited liability company duly organized and existing under the laws of the state of Idaho and authorized to do business in the state of Idaho and Utah, and with its principal place of business in the state of Idaho.

4. At all material times, Defendant Hot Route Delivery Specialists, LLC ("Hot Route") was a Delaware limited liability company maintaining its principal place of business in the state of Texas.

5. At all material times, Defendant Hot Route Delivery Specialists-Southeast, LLC ("Hot Route SE") was a Delaware limited liability company maintaining its principal place of business in the state of Texas.

6. At all material times, Defendant Christopher Cassels ("Cassels") was an individual residing in the state of Texas.

7. At all material times, Defendant Stephen R. Savant ("Savant") was an individual residing in the state of Texas.

**FIRST CLAIM FOR RELIEF**

**(Breach of Contract: Hot Route)**

8. Pavestone realleges paragraphs 1 through 7 above as if fully set forth herein.

9. On or about February 27, 2017, Pavestone and Hot Route entered into a

contract entitled Purchase and Sale Agreement, a copy of which is attached hereto as Exhibit A (the "Hot Route PSA").

10. Section 25 of the Hot Route PSA recites various events of default. Hot Route is in default under the Hot Route PSA.

11. Pavestone has performed all obligations required of it under the Hot Route PSA.

12. Despite Pavestone's demands, Hot Route has not paid Pavestone. The balance due and owing under the Hot Route PSA as of December 1, 2017 is no less than $309,639.29. In addition, Pavestone is entitled to recover service fees and other amounts as provided the Hot Route PSA until Pavestone is paid.

13. Section 26 of the Hot Route PSA entitles Pavestone to an award of its reasonable attorney fees and costs incurred in enforcing its rights under the Hot Route PSA.

**SECOND CLAIM FOR RELIEF**

**(Breach of Contract-Hot Route SE)**

14. Pavestone realleges paragraphs 1 through 13 as if fully set forth herein.

15. On or about February 27, 2017, Pavestone and Hot Route SE entered into a contract entitled Purchase and Sale Agreement, a copy of which is attached hereto as Exhibit B (the "Hot Route SE PSA").

16. Section 25 of the Hot Route SE PSA recites various events of default. Hot Route SE is in default under the Hot Route SE PSA.

17. Pavestone has performed all obligations required of it under the Hot Route SE PSA.

18. Despite Pavestone's demands, Hot Route SE has not paid Pavestone. The balance due and owing under the Hot Route SE PSA as of December 1, 2017, is

no less than $219,739.85. In addition, Pavestone is entitled to recover service fees and other amounts as provided the PSA until paid.

19. Section 26 of the Hot Route SE PSA entitles Pavestone to an award of its reasonable attorney fees and costs incurred in enforcing its rights under the Hot Route SE PSA.

**THIRD CLAIM FOR RELIEF**

**(Breach of Guarantee-Cassels)**

20 Pavestone realleges paragraphs 1 through 19 as if fully set forth herein.

21. On or about February 27, 2017, for valuable consideration, Cassels executed and delivered to Pavestone a Personal Guarantee of all of Hot Route's obligations to Pavestone then existing or thereafter arising, and a Personal Guarantee of all of Hot Route SE's obligations to Pavestone then existing or thereafter arising. A copy of each Personal Guarantee Cassels signed and delivered to Pavestone is attached as Exhibit C and D, respectively.

22. The amount due to Pavestone from Cassels under the Personal Guarantees is not less than $529,379.14, plus all other amounts due and to become due from Hot Route and Hot Route SE, including attorney fees and costs incurred by Pavestone.

23. Despite demand, Cassels has not paid Pavestone any portion of the amounts due to Pavestone.

**FOURTH CLAIM FOR RELIEF**

**(Breach of Guarantee-Savant)**

24. Pavestone realleges paragraphs 1 through 23 as if fully set forth herein.

25. On or about February 27, 2017, for valuable consideration, Savant executed and delivered to Pavestone a Personal Guarantee of all of Hot Route's

obligations to Pavestone then existing or thereafter arising, and a Personal Guarantee of all of Hot Route SE's obligations to Pavestone then existing or thereafter arising. A copy of each Personal Guaranty Savant signed and delivered to Pavestone is attached as Exhibit E and F, respectively.

26. The amount due to Pavestone from Savant under the Personal Guarantees is not less than $529,379.14, plus all other amounts due and to become due from Hot Route and Hot Route SE, including attorney fees and costs incurred by Pavestone.

27. Despite demand, Savant has not paid Pavestone any portion of the amounts due to Pavestone.

**WHEREFORE,** Pavestone prays for judgment against each Defendant as follows:

1. On its First Claim for Relief, awarding Pavestone judgment against Hot Route in the sum of not less than $309,639.29, plus service fees and other fees allowed under the PSA, and Pavestone's reasonable attorney fees and costs;

2. On its Second Claim for Relief, awarding Pavestone judgment against Hot Route SE in the sum of not less than $219,739.85, plus service fees and other fees allowed under the PSA, and Pavestone's reasonable attorney fees and costs;

3. On its Third Claim for Relief awarding Pavestone judgment against Cassels in the sum of not less than $529,379.14, plus other amounts due under the each Personal Guarantee and awarding Pavestone's reasonable attorney fees and costs;

4. On its Fourth Claim for Relief awarding Pavestone judgment against Savant in the sum of not less than $529,379.14, plus other amounts due under each Personal Guaranty and awarding Pavestone's reasonable attorney fees and costs; and

5. For any other relief the Court deems just and equitable.

Dated this _22nd_ day of December, 2017.

HONSINGER LAW PLLC

/s/ Charles L. Honsinger
Charles L. Honsinger, ISB No. 5240
Attorneys for Plaintiff

SUSSMAN SHANK LLP

By /s/ Howard M. Levine
Howard M. Levine, Oregon State Bar No. 800730
Attorneys for Plaintiff
*Pro Hac Vice* to be submitted

***22144-005\P-COMPLAINT-PAVESTONE/HOT ROUTE (FINAL) (02696087);1**